# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

In Re: Maude's Alabama BBQ, LLC

Case no. 24-31583
Ch. 11
Judge: Joel D. Applebaum

Debtor.
_____/

## FIRST DAY MOTION FOR AN ORDER AUTHORIZING DEBTOR TO PAY PRE-PETITION WAGES AND COMPENSATION

Maude's Alabama BBQ, LLC ("Debtor"), by its proposed counsel, Bankruptcy Law Office, for its First Day Motion for an Order Authorizing Debtor to Pay Pre Petition Wages, Compensation, and Employee Benefits ("Motion") states:

### REQUEST FOR ENTRY OF ORDER SCHEDULING A HEARING

1. Debtor requires authorization to pay its pre-petition payroll obligations. Failure to make payroll, would have serious adverse consequences for Debtor's business and would result in irreparable harm to Debtor and Debtor's creditors.

2. Debtor has attached a proposed order as Exhibit A in compliance with Local Bankruptcy Rule 9013-l(b) (Bankr. E.D. Mich.).

### JURISDICTION

3. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.

4. This is a core proceeding under 28 U.S.C. § 157(b).

5. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND AND DEBTOR'S BUSINESS

6. On August 23, 2024, ("Petition Date"), Debtor commenced a voluntary case under chapter 11 of title 11 of the United States Code.

7. Debtor continues to operate its business as debtor-in-possession under 11 U.S.C. §§ 1107(a) and 1108.

8. In support of this Motion, Debtor submits the Declaration of Ronald Darnell.

## DEBTOR'S WORKFORCE, EMPLOYEE OBLIGATIONS, AND EMPLOYEE BENEFITS

### A. DEBTOR'S WORKFORCE

9. In the ordinary course of business operations, Debtor directly employs twenty individuals, (collectively, "Employees") who work in different capacities for Debtor, including sales, book keeping, management, and general labor. No employees have claims for employee obligations in excess of $13,650 See 11 U.S.C § 507 (a)(4).

10. The Employees' knowledge and understanding of Debtor's operations and customer relations are essential to the effective restructuring of Debtor's business. Without the continued services of the Employees, an effective restructuring of Debtor would not be possible.

11. If pre-petition wage, compensation, benefit, and reimbursement amounts are not received by Employees in the ordinary course, they will suffer extreme personal hardship and, in many cases, will be unable to pay their basic living expenses. Debtor's failure to timely pay wages and compensation would destroy Employee morale and likely result in work stoppages and sudden and unmanageable Employee turnover, causing immediate and pervasive damage to

Debtor's on-going business operations and Debtor's ability to reorganize.

### B. EMPLOYEE OBLIGATIONS

12. In the ordinary course of business, Debtor pays and honors certain amounts to its Employees (collectively, "Employee Obligations") for, among other things, (a) Employees' wages, salaries, and other compensation and (b) federal and state withholding taxes, (c) insurance.

### Payment of Unpaid Compensation.

13. Debtor pays wages and other compensation to its Employees on a weekly and bi-weekly basis. Debtor's aggregate gross payroll for all Employees, including state and federal employment taxes, paid including wages, salaries, and other forms of compensation ("Weekly Wages") averages approximately $9000 per pay period. Debtor requests permission to pay the Unpaid Wages for the 7 days immediately preceding the Petition Date in an amount not to exceed $9000.

### ii. Remitting and/or Paying Appropriate Deductions and withholdings.

14. Debtor additionally requests authorization to withhold any amoun from Employee wages and salaries consistent with Debtor's pre petition business practice, and to remit withheld amounts as required under any court orders, garnishments, and federal, state and local tax requirements associated with the Employee Obligations.

### C. EMPLOYEE BENEFITS

15. In the ordinary course of business operations, Debtor provides its Employees with no other benefits.

### RELIEF REQUESTED

16. To continue its business operations for the benefit of all creditors and to minimize the personal hardship to Debtor's employees during this critical time, Debtor seeks entry of an order authorizing the Debtor to:

> a. pay and honor all pre-petition Employee Obligations, including the Unpaid Wages for the 7 days immediately preceding the Petition Date in an amount not to exceed $9000.
>
> b. pay all costs and expenses required to be paid under, or incident to, the Employee Benefits to the extent any amounts accrued pre-petition and/ or accrued post-petition but relate to the period before the Petition Date.

17. In order to effectuate the relief requested in this Motion, Debtor further requests that banks, and financial institutions be authorized and directed to receive, process, honor, and pay (to the extent sufficient funds are available in the applicable account(s) all checks presented for payment and fund electronic payments related to the Employee Obligations and Employee Benefits, whether the checks were presented or the funds transfer requests were submitted before or after the Petition Date.

18. Debtor is not requesting the assumption of any agreement in this Motion and, therefore, nothing contained in this Motion constitutes a request for authority to assume any policy, procedure, or executory contract that may be described or referenced in this Motion.

### Debtor has satisfied Fed. R. Bankr. P. 6003

19. Bankruptcy Rule 6003 provides that, "to the extent that relief is necessary to avoid immediate and in-eparable harm," a Bankruptcy Court may approve a motion to "pay all or pai l of a claim that arose before the filing of the petition" within to twenty-one days after the Petition Date. Fed. R Bankr. P. 6003. As described in this Motion, authorization to pay the Employee Obligations and Employee Benefits is critical to Debtor's reorgai lization. Accordingly, the relief requested is necessary to avoid immediate and irreparable harm, and, therefore, Fed. R. Bankr.P. 6003 is satisfied.

### Waiver of Fed. R. Bankr. P 6004(a} and (h}

20. Debtor requests a waiver of the notice requirements under Fed. R. Bankr. P. 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of prope l l y under Fed. R. Bankr. P. 6004(h).

### NOTICE

21. Notice of this Motion will be given to: (i) the United States Trustee for the Eastern District of Michigan; (ii) all secured creditors; (iii) The Sub Chapter V Trustee and all unsecured creditors.

22. Debtor has not previously requested the relief sought in this Motion from this or any other court.

WHEREFORE, Debtor respectfully requests that the Court enter an order, substantially in the form attached as **Exhibit A,** granting the relief requested in the Motion and additional relief as is just and equitable.

Dated: 8/23/24

Respectfully submitted,

/s/ George E. Jacobs
George E. Jacobs (P36888)
2425 S. Linden Rd., Ste. C
Flint, MI 48532
(810) 720-4333
george@bklawoffice.com

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

In Re: Maude's Alabama BBQ, LLC

Case no. 24-31583
Ch. 11
Judge: Joel D. Applebaum

Debtor.
_____/

## FIRST DAY ORDER AUTHORIZING DEBTOR TO PAY PRE-PETITION WAGES AND COMPENSATION

This matter having come before the Court upon the Debtor's First Day Motion for an Order Authorizing Debtor to Pay Pre-Petition Wages, Compensation, and Employee Benefits ("Motion"); the Court having reviewed the Motion, the Declaration of Ronald Darnell in support of the Motion; and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED that:**

1. The Motion is granted.

2. Debtor is authorized to pay up to $9000 in Unpaid Wages for the 7 days immediately preceding the Petition Date. No Employee shall be paid in excess of $13,670 as prohibited by 11 U.S.C § 507 (a)(4).

3. Debtor is authorized to withhold amounts from Employee wages and salaries consistent with Debtor's pre-petition business practice and to remit withheld amounts as required under any court orders, garnishments, and federal, state and local tax requirements associated with the Employee Obligations.

4. This Court retains jurisdiction over any and all disputes arising or otherwise relating to the construction, performance, and enforcement of the terms of this Order.

**Exhibit "A"**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

In Re: Maude's Alabama BBQ, LLC

Case no. 24-31583
Ch. 11
Judge: Joel D. Applebaum

Debtor.
_____/

## DECLARATION OF RONALD DARNELL

1. That he is the majority shareholder of Maude's Alabama BBQ, LLC.

2. That he works at the Debtor full time and is responsible for the day to day operation of the Debtor.

3. That his duties include all aspects of operating the business including the schedules of the employees, over sees the work activities of employees and the direction of payment of employees wages and benefits.

4. That the Debtor could not operate without its employees and the retention of liens to the continued operation of the Debtor

/s/ Ronald Darnell
Ronald Darnell, majority shareholder

Respectfully submitted,

Dated: 8/23/24

/s/ George E. Jacobs
George E. Jacobs (P36888)
2425 S. Linden Rd., Ste. C
Flint, MI 48532
(810) 720-4333
george@bklawoffice.com