# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re: Maude's Alabama BBQ, LLC            Case No. 24-31583
                                                                  Ch. 11
                                                                  Judge: Joel D. Applebaum

Debtor.
_____/

## ORDER GRANTING AUTHORIZATION FOR DEBTOR'S INTERIM USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION TO IDEA 247. INC.

This matter came before the Court upon Debtor's Motion for Interim Order Authorizing Debtor's use of Cash Collateral filed on August 23, 2024. The Court has reviewed the Motion, and other pertinent pleadings, and has considered the statements made at the initial hearing. The Court is sufficiently advised in the premises.

      c.        On August 23, 2024. ("Petition Date"), the Debtor filed for relief under Chapter 11, Subchapter V of the United States Bankruptcy Code (the "Bankruptcy Code").

      d.        The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

      e.        The Court's consideration of this Motion constitutes a core proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A), (K) and (M).

      f.        The procedures set forth in this Order constitute sufficient "notice and hearing" under Section 102 and 363(c) of the Bankruptcy Code, Bankruptcy Rule 2002, 4001, 6004 and 9006. This Order is being entered solely on an interim basis pursuant to Bankruptcy Rule 4001 and is expressly subject to the rights of patties in inter est to object as specifically provided in paragraph below.

g.  Debtor requires funds to pay expenses in connection with maintaining operations, including satisfying taxes, payroll, and paying utilities. Failure to pay these and similar critical expenses would cause Debtor immediate and irreparable harm by disrupting Debtor's ability to maintain operations, effectively shutting down Debtor.

h.  Debtor does not have sufficient unencumbered funds to meet these expenses. Accordingly, Debtor requires authorization to use cash collateral to avoid immediate and irreparable harm through September 27, 2024 of $107,777.

i.  The Debtor has the following pre-petition indebtedness with the following creditors with an interest in Cash Collateral:

   1. Idea 247, Inc.   $41,893

NOW, THEREFORE, IT IS HEREBY ORDERED that the Debtor is authorized to use cash collateral in the amount of $12,413.00 through September 4, 2024 but only under the terms and conditions set forth in this Order.

1. Idea 247, Inc. (hereinafter "Secured Creditors") shall receive replacement liens in the Debtor's post-petition assets to the same extent and with the same priority it had by virtue of the pre-petition perfected security interests as of the petition date but only as to the amount of diminution in value of its interests.

2. Debtor's permission to use cash collateral shall terminate upon the occurrence of any of the following: (a) Debtor's failure to abide by any of the terms and conditions contained in this Order, any Debtor-in Possession order, or any other order of this Court; (b) an order being entered dis missing this case or converting this case to a case under Chapter 7 of the Bankruptcy Code, appointing Trustee to perform any duties of the Debtor, or terminating the authority of the Debtor to conduct

business; or (c) Debtor's cessation of operations for any reason.

3. As adequate protection of the interests of the Secured Creditors under §§ 361, 362, and 363(e) of the Bankruptcy Code, and to secure the payment of the indebtedness, the secured creditors are hereby granted security interests and replacement liens to the extent of the Secured Creditors were secured as of the petition date, upon the following property of the Debtor: all assets of the Debtor including, but not limited to, all accounts that the Debtor maintains, accounts receivable, notes (and all collateral security therefor), general intangibles (including, but not limited to, any insurance proceeds), chooses in action, instruments, documents, chattel paper, goods, inventory, fixtures, equipment, chattels, machinery and furniture, and the products and proceeds of all of the foregoing, arising, created or acquired. subsequent to the filing of the Chapter 11 Petition provided, however, that any causes of action brought under Chapter 5 of the Code and recoveries there from (collectively, "Chapter 5 Causes of Action") shall be excluded from the collateral of the Secured Creditors. The security interests and liens granted by this paragraph shall constitute perfected liens and security interests in favor of the secured creditors on all personal property of the Debtor except Chapter 5 causes of action.

4. In addition to and separate from the replacement liens, the Secured Creditors liens on the collateral pursuant to the security agreements will extend to post petition collateral and the products, profits and proceeds thereof under §552 (b). The Secured Creditors will be entitled to all of the rights and benefits of §552 (b) and the "equities of the case" exception in §552 (b) will not apply with respect to the proceeds, products or profits of any of the collateral.

5. The Debtor shall duly pay as the same shall become due and payable all post-petition taxes, assessments and governmental and other charges, which if unpaid, might become a lien or charge upon the collateral, assets, earnings or business of the Debtor, as the case may be. The Debtor shall also pay when due, all administrative taxes, including any and all federal and state withholding taxes and personal property taxes. Further, the Debtor shall file all monthly operating reports.

6. Upon the occurrence of a material event of default by Debtor of any duty as described above and after seven (7) calendar days' written notice given by Idea 247, Inc. to Debtor, Debtor's attorney, the U.S. Trustee, and the Subchapter V Trustee and unless the default has been cured during such seven day period, Idea 247, Inc. can file a motion on 7 days' notice to lift the automatic stay.

7. Except as otherwise set forth in this Order: the Debtor acknowledges and agrees that the pre-petition indebtedness of Idea 247, Inc. constitutes valid and binding indebtedness of the Debtor. All of the cash generated constitutes cash collateral as defined in §363(a) of the Bankruptcy Code, and (b) the Debtor further knowledges and agrees that Idea 247, Inc. has a valid and perfected

security interest in and liens on all of the Debtor's pre-petition collateral, with priority over all other security interests in and liens on the pre-petition collateral. The Debtor formerly acknowledges that the security interests and liens are not subject to avoidance. Any party can challenge the validity and priority of the security interests by filing an objection in accordance with paragraph 17.

8. No delay on the part of the secured creditors in exercising any right, power or privilege hereunder shall operate as a waiver thereof nor shall any single or partial exercise of any right, power or privilege hereunder preclude other or further exercise thereof or the exercise of any other right, power or privilege. The rights and remedies hereunder specified are cumulative and not exclusive of any rights or remedies which the secured creditors may otherwise have.

9. Nothing contained herein shall: (a) bar Idea 247, Inc. from (i) asserting rights to default rate of interest, (ii) contesting any collateral valuation by the Debtor, or (iii) challenging the adequacy of any adequate protection provided in this Order; or (b) serve to compromise any rights of the Idea 247, Inc.under the Bankruptcy Code, its financing documents, this Order, or pursuant to applicable federal or state law. Likewise, nothing in this Order shall serve to prejudice any of Debtor's rights and arguments with respect to subsection a) of this paragraph, or compromise or prejudice any other

rights and interests of Debtor except as explicitly set forth in this Order.

10. In the event that this Order or any authorization contained herein is reversed or modified on appeal with respect to priorities, liens, and security interests granted under this Order, it shall not limit or affect the rights of ldea 247, Inc. arising from the payment of cash collateral in reliance upon this Order.

11. Idea 247, Inc. shall not waive, and hereby expressly reserves, any and all claims, defenses, rights and remedies they may have pursuant to any or all of its financing documents, the Bankruptcy Code and/or other applicable law against the Debtor and any officer, director, employee, agent or other representative thereof. In addition, the rights, claims, liens, security interests and priorities of arising under this Order are in addition to and are not intended as a waiver or substitution for the rights, indebtedness, claims, liens, security interests and priorities granted by the Debtor in its pre-petition capacity.

12. If this Order becomes a final order the provisions of this Order shall be binding upon the Debtor and its successors and assigns, and, except as otherwise set fo1ih in this Order, the pre-petition indebtedness of Idea 247, Inc. constitutes an allowed claim in accordance with §506(a) of the Bankruptcy Code for all purposes in this Case, and (ii) the liens and security interests in the collateral shall be deemed to be valid, legal, binding, perfected, not subject to avoidance or subordination and not subject to any other further challenge by any party in interest, seeking to exercise the rights of the Debtor's estate.

13. If any of the provisions of this Order are hereafter modified, vacated or stayed by subsequent order of this or any other Court, such stay, modification or vacatur shall not affect the validity and enforceability of any lien, priority, right, privilege or benefit authorized hereby with respect to the pre-petition indebtedness, including without limitation, the replacement liens.

14. Notwithstanding any provision contained herein, this Order shall not be binding on any future trustee (Chapter 7 or 11). To avoid immediate and irreparable harm to the Debtor pending a final hearing on the Motion, the Debtor may use cash collateral in the maximum amount of $107,777 only until October 5, 2024.

15. Debtor shall, within twenty-four (24) hours following the entry of this Order, serve copies of this Order on each of the Debtor's 20 Largest Unsecured Creditors, all the Secured Creditors, the SubChapter V Trustee, the United States Trustee's Office, and all other parties who are required to be served under F.R.Bankr.P.2002 and 4004.

16. This Order hereby incorporates by reference the Exhibit filed at docket #17 regarding Debtor's cash needs through September 4, 2024.

17. All parties seeking to object to this Interim Order must file a written objection by Tuesday, September 4, 2024 at 5:00 p.m. An additional hearing on Motion for Use of Cash Collateral on an Interim Basis will be held before the Honorable Joel D. Applebaum.

United States Bankruptcy Judge, Court room, 226 W. Second St, Flint, MI 48502, on September 4, 2024 at 11:00 a.m. ET. If objections are filed the hearing will be held in person with the exception that if any objector and their counsel reside out of state, they may appear by telephone. Parties should call 1-202-503-1666 and use Access Code 96965490# at least five minutes before the scheduled hearing time and should place their phones on mute and wait **until** their case is called before unmuting their phones and participating. UNDER NO CIRCUMSTANCES SHOULD ANY TELEPHONE BE PLACED ON HOLD. If no timely objection is filed then, after a final hearing on the Motion, this Order shall become final order and Debtor is thereafter authorized to use cash collateral for those expenses referenced in the 6 week cash flow projection attached to the original Motion (incorporated by reference) as well as any other expenses necessary for operating the business in the ordinary course going forward until further order of the Court.

**Signed on August 29, 2024**



/s/ Joel D. Applebaum
**Joel D. Applebaum**
**United States Bankruptcy Judge**