UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

In Re: Maude's Alabama BBQ, LLC          Case No. 24-31583
                                                          Ch.    11
                                                          Judge: Joel D. Applebaum

Debtor.
_____/

**ORDER CONFIRMING DEBTORS
PLAN UNDER 11 U.S.C. 1191(b)**

Maude's Alabama BBQ, LLC, Inc. filed its Subchapter V Plan (the "Plan") with the Court on November 14, 2024 [Doc 54]. Copies of the Plan and a ballot were served on all creditors, and other interested parties on November 14, 2024. The hearing on confirmation was held on January 15, 2025. All filed and unfiled objections have been resolved. The plan amended by this Order is confirmed.

WHEREFORE, THE COURT FINDS AND CONCLUDES AS FOLLOWS:

1.      All applicable requirements for confirmation of the Plan under Sections 1191 and 1129 of chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") have been satisfied and the Plan is being confirmed pursuant to Section 1191(b) of the Bankruptcy Code.

2.      In the event of conversion of this case post-confirmation to a case under Chapter 7 of the Bankruptcy Code, all property that vested in the Debtor, Debtor-in- Possession, Reorganized Debtor or any successor to the Debtor under the confirmed Plan or under Section 1141 of the Bankruptcy Code, or that was otherwise acquired post-confirmation, will become property of the Chapter 7 estate

3. The Debtor shall file Quarterly Post Confirmation Reports until this case is dismissed or converted to Chapter 7 of the Bankruptcy Code.

4. In accordance with Section 1183(c)(2) of the Bankruptcy Code, Debtor shall timely file a Notice of Substantial Consummation and serve it on the Subchapter V Trustee with copies of all checks distributed in its initial distribution to creditors. The Subchapter V Trustee shall thereafter file her Notice of (Non) Distribution. This case will remain open until after (a) the Subchapter V Trustee filed her Notice of (Non) Distribution and (b) the Court enters an Order discharging the Subchapter V Trustee's appointment.

5. The Debtors shall be responsible for making all Plan payments directly to creditors.

6. This Court shall retain jurisdiction over the interpretation and the enforcement of the Plan to the full extent and duration provided for by the Bankruptcy Code.

7. Professionals shall file applications for approval of their administrative expenses no later than 30 days from the date of this Confirmation Order.

8. Creditors shall be paid as follows:

**Group 1 Administrative Expense claims pursuant to 11 U.S.C. §507**

This class is Impaired.

>Subchapter V Trustee fees of approximately $10,000

>Debtor's Chapter 11 Counsel of approximately $40,000

The Debtor will pay the claim of counsel on a pro rata basis with that of SubChapter V Trustee, Kimberly Clayson out of the escrow account set up by the Debtor per the Final Cash Collateral Order entered September 20, 2024. If there are insufficient funds to pay counsel and Subchapter V fees in full, the balance will be paid at the rate of $3000 per month until paid in full on a pro rata basis. The pro rata calculation shall be determined based on total fees due to Debtor's counsel and the Subchapter V Trustee less amounts of any prepetition retainer paid by Debtor to its counsel.

This proposed distribution is subject to increase if the Debtor incurs additionaladministrative expenses including but not limited to expert witness expenses, additional attorney fees to promote confirmation of a contested plan and additional Subchapter V Trustee fees necessary to promote confirmation of this plan and/or to mediate plan confirmation by consent. Any increase in administrative expenses will be paid from the amounts the Debtor estimates for disbursement to Class 6 general unsecured creditors.

**Class 1: Priority claim of the Internal Revenue Service/ State of Michigan**

This class is not impaired as the treatment of the claims of the IRS and the State of Michigan are within the parameters of the code. The IRS will be paid over 48 months at 7% with the first payment of $190 due 90 days from the date of the Order Confirming Plan. The State of Michigan will be paid over 48 months at 7% with the first payment of $96 due 90 days from the date of the Order Confirming Plan.

**Class 2: Elga Credit Union**

This class is impaired. The secured claim of Elga Credit Union in the amount of $44,070 shall be paid $518 per month pursuant to the terms of triple net, unwritten lease with the exception that all currently delinquent payments shall be added to the end of the loan contract. Elga Credit Union shall retain its mortgage lien. The terms of the loan shall not be changed throughout the life of the plan.

**Class 3: IDEA 247, INC.**

The secured claim of Idea 247, Inc. in the amount of $31,000 shall bear interest at 7% and be paid over a five (5) year period with the first payment of $614.00 with the first payment due 90 days from Confirmation. This creditor shall retain its liens.

**Class 4: Lapeer County Treasurer**

The secured claim of Lapeer County Treasurer In the amount of $8659 shall bear interest at the statutorily required rate of 12% and be paid over a five (5) year period with the first payment of $193 due 90 days from Confirmation. This creditor shall retain its liens.

**Class 5: Estate of Domenico Siciliano**

The executory land contract claim of the estate of Domenico Siciliano has been assumed by Court Order and shall be paid pursuant to the contract between the Parties requiring monthly payments of $2430. This Class is not impaired.

**Class 6:  <u>Allowed Unsecured Creditors</u>**

This Class is impaired. General unsecured claims:    $163,170

Unsecured creditors shall share in sum total of $25,000 over the life of the plan. These funds shall be paid quarterly in the first of 16 quarterly payments of $1563 due 12 months from confirmation with each creditor paid on a pro rata basis.

9. The executory contacts for the [triple net, unwritten] lease of Davison Road, Flint, Michigan location with Ronald Darnell and the [unwritten] lease of [the] 2017 Ford Connect Van with Ronald Housely shall be assumed in their current terms]. [The terms of these leases shall not be changed for the life of the Plan. Ronald Housely shall transfer title of the 2017 Ford Connect Van to to the Debtor at the end of its respective lease].

10. No just reason exists for delay in the implementation of the Confirmation Order. The Court hereby directs entry of the judgment set forth herein. This Confirmation Order is final and appealable order under Federal Rules of Bankruptcy  Procedure 7054(a) and 9014 and Federal Rule of Civil Procedure 54 (b).

11. Upon failure of the Debtor to make any payment due on any administrative, secured, priority, or general unsecured claim which is not cured within 30 days of the mailing of a written notice of default by the creditor, such creditor may exercise all rights and remedies applicable under non-bankruptcy law for the collection of its entire claim and/or seek appropriate relief from this Court.

12. There shall be no penalty for the prepayment of any obligation owed pursuant to the plan and this Order.

**Signed on January 16, 2025**



/s/ Joel D. Applebaum
**Joel D. Applebaum**
**United States Bankruptcy Judge**